[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10673
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-02839-CV-JOF-1

GIL KOVAR,

Plaintiff-Appellant,

versus

CSX TRANSPORTATION, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 22, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Plaintiff Gil Kovar was employed by CSX Transportation, Inc. (CSX) for thirty-two years. On several occasions during the course of his employment, Kovar was granted CSX stock options. On each occasion, the options were issued in a

Notice of Non-Qualified Stock Option Grant (collectively, "the Notices"), pursuant to the CSX Omnibus Incentive Plan ("the Plan"). The options were unvested at the time of the grants and would vest on a schedule specified in each Notice.

In March 2005, Kovar was terminated by CSX. On March 18, 2005, Kovar and CSX executed an Employment Separation Agreement that states, "All CSX options previously granted to you will be treated in accordance with the terms outlined in the corresponding plan document or grant agreement." (R.1-38, Ex. 1 at 2.) When Kovar was terminated, CSX cancelled Kovar's unvested options.

Kovar sued CSX for breach of contract, alleging that he was entitled to retain the unvested options and the right to exercise them when they became vested. The parties agree that the option grants are governed by Virginia law. On cross-motions for summary judgment, the district court granted summary judgment for CSX and denied Kovar's motion. The court held that the contract between CSX and Kovar was unambiguous; and, under the unambiguous contract, stock options vest only during employment unless one of the exceptions listed in the Notices is present. (R.2-56 at 7-8.) The court found no such exception present in Kovar's case and held that CSX did not breach the contract by cancelling Kovar's unvested options. (*Id.* at 9.)

Kovar appeals the judgment, arguing that the district court erred by reading a term into the contract that does not exist. He seeks both vacation of the summary judgment for CSX and entry of summary judgment for himself.

The parties agree that the Notices and the Plan form the entire contract defining Kovar's rights to the options he was granted. Having reviewed that contract, we agree with the district court that it is unambiguous. And, pursuant to the contract, options will not vest after an employee is terminated, unless his termination satisfies one of the conditions enumerated in the Notices. (*See* R.1-38, Ex. 2 (listing termination as a result of a business transaction, reduction in force, or any other circumstances approved by the Compensation Committee as conditions upon which "Options will vest . . . as if you had continued employment[.]").) Kovar does not dispute that he was terminated and that his termination does not satisfy any of these conditions. Therefore, the unvested options that Kovar had at the time of his termination would never vest, and he would never be entitled to exercise those options. CSX did not breach any contractual duty to Kovar by cancelling those unvested options. The district court correctly granted summary judgment to CSX.

AFFIRMED.